IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF IOWA
                              CENTRAL DIVISION

| | |
|---|---|
| SIERRA CLUB IOWA CHAPTER, )<br>LINDA BIEDERMAN and ELWOOD )<br>GARLOCK, )<br>  ) <br>  Plaintiffs, )<br>  )<br>vs. )<br>  )<br>RAY LaHOOD, Secretary of )<br>The United States Department )<br>Of Transportation, and LUBIN )<br>M. QUINONES, Division )<br>Administrator, Federal Highway)<br>Administration, )<br>  )<br>  Defendants. ) | No. C 11-258<br><br>AMENDED<br>COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF |

                              INTRODUCTION

   1. This case challenges a decision by the Defendants to construct a highway, referred to as Highway 100, west of the City of Cedar Rapids, Iowa. The proposed Highway 100 project would go through the Rock Island County Preserve and adjacent to the Rock Island State Preserve.

   2. The Iowa Department of Transportation has proposed to use federal aid highway funds for this project, and has prepared a Supplemental Environmental Impact Statement for this project.

   3. On June 12, 2008, the Federal Highway Administration issued a Record of Decision (ROD) approving

                                    1

the Supplemental Environmental Impact Statement and approving the project for federal funding.

4. Plaintiffs seek declaratory and injunctive relief to obtain a ruling from this Court that the Supplemental Environmental Impact Statement, including a Section 4(f) Evaluation, did not comply with the laws and regulations and that the Record of Decision should be withdrawn and the project not approved.

## JURISDICTION AND VENUE

5. Jurisdiction over Plaintiffs' claims is conferred on this Court by 28 U.S.C. § 1331, which authorizes jurisdiction over claims arising under federal law. The federal laws at issue are 42 U.S.C. § 4331 et seq. and 49 U.S.C. § 303. Judicial review is sought in this case pursuant to the Administrative Procedure Act, 5 U.S.C. § 706.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because Defendant Lubin M. Quinones resides in Ames, Iowa, and the Iowa Division of the Federal Highway Administration has its office in Ames, Iowa, which is in the Southern District of Iowa.

7. Plaintiffs have exhausted all administrative remedies and have no other adequate remedy at law.

## PARTIES

8. The Sierra Club is a non-profit corporation organized under California law. Its Iowa Chapter has over 5,000 members who reside in the State of Iowa. Among the goals of the Sierra Club are preserving and enhancing the natural environment. Some of its members hike in the Rock Island State Preserve and the Rock Island County Preserve, take photographs there and study the flora and fauna of the area. The Highway 100 project would adversely impact this ecosystem and these members' use and enjoyment of the Preserves.

9. Plaintiff Linda Biederman resides in Marion, Linn County, Iowa. She is active in the conservation of our natural resources. She uses and enjoys the Rock Island State Preserve and the Rock Island County Preserve. The Highway 100 project would adversely impact this ecosystem and Ms. Biederman's use and enjoyment of the Preserves.

10. Plaintiff Elwood Garlock resides in Cedar Rapids, Linn County, Iowa. He is active in the conservation of our natural resources. He uses and enjoys the Rock Island State Preserve and the Rock Island County Preserve. The Highway 100 project would adversely impact this ecosystem and Mr. Garlock's use and enjoyment of the Preserves.

11. Ray LaHood is the Secretary of the United States Department of Transportation, an agency of the United State Government. The Federal Highway Administration is under his jurisdiction. The Secretary has responsibility under the National Environmental Policy Act, 42 U.S.C. § 4331, et al., of making sure that an adequate environmental impact statement which complies with the requirements of the law is prepared for any project funded by the Department of Transportation, or any agencies within the Department. The Secretary also has responsibility under Section 4(f) of the National Highway Act, 49 U.S.C. § 303, to avoid impacts to publicly owned park, recreation area, or wildlife or waterfowl refuge from highway projects funded by his agency.

12. Lubin M. Quinones is the Division Administrator of the Federal Highway Administration, the agency which is providing funding for the Highway 100 project. He is responsible for preparation of the Supplemental Environmental Impact Statement for this project, and to make sure that it is adequate and complies with the law. He is also responsible for ensuring that the requirements of Section 4(f) are followed by state and local governments that receive federal funds for highway projects.

## FACTUAL ALLEGATIONS

13. The Highway 100 project has been proposed at various times since 1978. A Final Environmental Impact Statement was issued in 1979. The project did not go forward at that time because the alleged purpose and need for it was overtaken by other events.

14. The Highway 100 project began to be discussed again in 1999. A Draft Supplemental Environmental Impact Statement was issued in July of 2001. In that Draft, the Rock Island Preserves were alleged not be Section 4(f) property, in an attempt to avoid the requirements of Section 4(f). In the face of much public criticism, the Federal Highway Administration, after 4 years of deliberation, determined that the Rock Island Preserves are Section 4(f) property.

15. A Draft Section 4(f) Evaluation was issued in December of 2006. No alternatives that did not impact the Rock Island Preserves were seriously considered in the Evaluation. A Final Section 4(f) Evaluation was included with the Final Supplemental Environmental Impact Statement that was issued in October of 2007.

16. The Federal Highway Administration, under the responsibility of the Defendants, issued a Record of Decision on June 12, 2008, approving the Supplemental

5

Environmental Impact Statement, including the Section 4(f) Evaluation, and approving the project for federal funding.

## STATUTORY AND REGULATORY FRAMEWORK

17. The Defendants are expressly required by § 102(1) of NEPA, 42 U.S.C. § 4332(1), to interpret and administer their policies and regulations, and public laws of the United States, in accordance with the policies of NEPA.

18. Section 101(b) of NEPA, 42 U.S.C. § 4331, sets out the policies and duties of federal agencies as follows:

> It is the continuing policy of the federal government . . . to use all <u>practicable means and measures</u> . . . to create and maintain conditions under which man and nature can exist in productive harmony, and fulfill the social, economic, and other requirements of present and future generations of Americans.

42 U.S.C. § 4331(a)(emphasis added); and:

> It is the continuing responsibility of the federal government <u>to use all practicable means</u>, consistent with other essential considerations of national policy, programs, and resources to the end that the nation may –
>
>    (1) fulfill the responsibilities of each generation as trustee of the environment for succeeding generations;
>
>    (2) assure for all Americans safe, healthful, productive and aesthetically and culturally pleasing surroundings;
>
>    (3) attain the widest range of beneficial uses of the environment without degradation, risks to health or safety, or other undesirable and unintended consequences;

   (4) preserve important historic, cultural and natural aspects of our natural heritage, and maintain, whenever possible, an environment which supports diversity and variety of individual choice.

42 U.S.C. § 4331(b)(emphasis added).

 19. Section 103(2) of NEPA, 42 U.S.C. § 4332(2), requires the Defendants to the fullest extent possible, to:

  (A) utilize a systematic, interdisciplinary approach which will insure the integrated use of the natural and social sciences and the environmental design arts in planning and in decision making which may have an impact on man's environment;

  (B) identify and develop methods . . . which will insure that presently unquantified environmental amenities and values be given appropriate consideration in decision making along with economic and technical considerations;

  (C) include in every recommendation or report on . . . major federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on:

   (i) the environmental impact of the proposed action,

   (ii) any adverse environmental effects which cannot be avoided should the proposal be implemented,

   (iii) alternatives to the proposed action,

   (iv) the relationship between the local short-term uses of man's environment and the maintenance of long-term productivity, and

   (v) any irreversible and irretrievable commitments of resources which would be involved in the proposed action should it be implemented.

 20. Section 4(f) of the Federal Highway Act, 49 U.S.C. § 303, directs that "special effort be made to preserve the

7

natural beauty of the countryside and public park and recreation lands, wildlife and waterfowl refuges, and historic sites." The Act allows the Secretary of Transportation to approve a transportation project requiring the use of these lands only if: (1) there is no prudent and feasible alternative to using that land, and (2) the program or project includes all possible planning to minimize harm to the park, recreation area, wildlife and waterfowl refuge, or historic site resulting from the use.

21. Regulations adopted pursuant to Section 4(f) emphasize:

> Supporting information must demonstrate that there are unique problems or unusual factors involved in the use of alternatives that avoid these properties or that the cost, social, economic, and environmental impacts, or community disruption resulting from such alternatives reach extraordinary magnitudes.

23 C.F.R. § 771.135(a)(2).

## PLAINTIFFS' CLAIMS

22. The Defendants have failed to use "all practicable means" to implement the policies of § 101(b) of NEPA as required.

23. The Supplemental Environmental Impact Statement for the Highway 100 project is fatally defective in its failure to comply with the requirements of NEPA. These defects include:

a. The purpose and need for the project has not been justified.

b. No alternatives, other than very minor variations of the preferred route, were seriously considered. Any alternative that did not go through the Rock Island County Preserve was manipulated so as to be unacceptable or not really considered at all.

c. The no-build alternative was not adequately evaluated.

d. The environmental impacts of the project were not adequately determined and evaluated. This is especially true with respect to rare, threatened and endangered plants and wildlife.

e. Strategies to avoid or mitigate environmental impacts were not adequately considered and evaluated.

f. Traffic patterns and traffic volume were not adequately determined, accurately described, nor properly evaluated.

g. The Final Supplemental Environmental Impact Statement has no comments from the public so the Federal Highway Administration did not have the benefit of those comments in evaluating the FEIS.

h. Impacts on energy resources and climate change were not adequately determined and evaluated.

  i. Impacts of fragmentation of the ecosystem in the Rock Island Preserves were not adequately determined and evaluated.

  j. Because of the more than six years between issuance of the Draft Supplemental Environmental Impact Statement and issuance of the Final Supplemental Environmental Impact Statement, a new Draft Supplemental Environmental Impact Statement is required.

  k. There is no discussion of the impact this project will have in creating urban sprawl.

24. The Final Section 4(f) Evaluation is fatally defective for the following reasons:

  a. No legitimate efforts were made to avoid impacting the Rock Island Preserves.

  b. An unjustified and unsubstantiated purpose and need was used to justify not seriously considering alternatives that would avoid impacting the Rock Island Preserves.

  c. The Section 4(f) Evaluation focuses on endangered and threatened species and does not adequately address the ecosystem of the Rock Island Preserves as a whole.

    d. Impacts from noise were not adequately and properly determined and evaluated.

    e. Purported attempts to mitigate impacts to the Rock Island Preserves are inadequate and presented without any attempt to avoid or minimize the impacts.

    f. The Section 4(f) Evaluation does not discuss the effect of fragmentation of the ecosystem in the Rock Island Preserves and the aspect of the Preserves being part of an extended greenbelt along the Cedar River.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for:

1. Judgment declaring that the Final Supplemental Impact Statement for the Highway 100 project does not comply with the law or applicable regulations.

2. Judgment declaring that the Record of Decision issued by the Defendants for this project was improperly granted and should be withdrawn.

3. Judgment declaring that the Defendants have violated Section 4(f) of the National Highway Act.

4. A permanent injunction requiring the Defendants to withdraw the Record of Decision for the Highway 100 project.

	5. A permanent injunction requiring the preparation of a new Draft Supplemental Environmental Impact Statement that complies with the law and regulations.

	6. A permanent injunction prohibiting any action to begin construction or preparation for construction of the Highway 100 project until the Defendants have prepared a new Draft Supplemental Environmental Impact Statement that complies with the law and regulations.

	6. A permanent injunction prohibiting any action to begin construction or preparation for construction of the Highway 100 project until the Defendants have complied with the requirements of Section 4(f) of the Federal Highway Act.

	7. Judgment granting Plaintiffs attorney fees and expenses as provided by law.

	8. Judgment granting Plaintiffs an award for costs as provided by law.

	9. Such other and further relief as the Court deems just and equitable in the premises.

/s/ *Wallace L. Taylor*
WALLACE L. TAYLOR AT0007714
Attorney at Law
118 3rd Ave. S.E., Suite 326
Cedar Rapids, Iowa 52401
319-366-2428;(Fax)319-366-3886

                    e-mail: wtaylorlaw@aol.com

                    ATTORNEY FOR PLAINTIFFS